**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRY L. MOCK et al.,

    Defendants.

_____/

Case No. 09-12861

HONORABLE ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

## ORDER DENYING DEFENDANT'S MOTION AND AFFIDAVIT TO SET ASIDE PLAINTIFF'S RELIEF FOR SUMMARY DISPOSITION [29]

Before the Court is Defendant's "Motion and Affidavit to Set Aside Plaintiff's Relief for Summary Disposition"[1] [29]. Plaintiff filed a timely response [32].

### I. Background

This motion comes after judgment was entered against Defendants. On September 13, 2010, Plaintiff filed a Motion for Summary Judgment [25]. Defendants did not respond. The Court ordered Defendants to show cause as to why Plaintiff's motion should not be granted [26]. Defendants failed to respond by the October 19, 2010 deadline. An Order Granting Plaintiff's Motion for Summary Judgment [27] and a Judgment [28] was entered against Defendants on October 26, 2010. Defendant Mock now asks the Court for relief from judgment.

### II. Standard of Review

Under Federal Rule of Civil Procedure 60(b)(1), a court may grant relief from judgment if there is an adequate showing of "mistake, inadvertence, surprise, or excusable neglect." Fed.

---

[1] The Court will treat Defendant's filing as a 60(b) motion for relief from judgment, although the filing does not specifically have that title.

R. Civ. P. 60(b)(1). If the initial showing of one of the above factors is made, the court may also consider whether "a defendant has a meritorious defense and [whether] prejudice to the plaintiff will [result]." *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002).

To determine whether there is excusable neglect, courts consider the length and reasons for delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (internal citations omitted). "The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing opinions from the Eleventh, Fourth, and Ninth Circuits stating the same) (internal citations omitted).

III. Analysis

Defendant's argument sounds of excusable neglect although he does not explicitly state that phrase. Defendant argues that he missed the deadlines in this case because he has not been able to focus on the litigation. Def.'s Mot. [29]. Defendant Mock has been faced with serious family tragedies that have taken his attention from the litigation. *Id.*

Plaintiff argues that Defendant has a pattern of failing to comply with procedural rules, discovery deadlines[2], and a show cause order. *See* Pl.'s Resp. [32]. Plaintiff engaged in many communications with Defendant regarding deadlines and even agreed to extend time for discovery. Defendant also failed to meet the extended deadline for discovery. Plaintiff argues that it had no idea of Defendant's family tragedies until a phone conversation that took place after judgment was entered.

Here, although the Court has a great sympathy for Defendant Mock, the Court does not find excusable neglect. It is understandable that Defendant Mock would be distracted from

---

[2]Defendant has since rectified the discovery issues by providing the requested documents. *See* Dkt. [30].

litigation considering the circumstances. However, it would have taken minimal effort to request an extension for time to respond to the Motion for Summary Judgment or the Court's Order to Show Cause.

Defendant has been aware of the litigation since July 2009, when the case was filed. Further, the suit was only filed after years of interactions with the Internal Revenue Service regarding this specific issue. *See* Compl. at 3-5 (providing specific dates that Defendant was notified of tax liens).

Here, Defendant has not shown excusable neglect or any other reason to grant relief from judgment. Further even if he had met the threshold of showing excusable neglect, he has not shown the existence of a meritorious defense or provided any analysis of whether Plaintiff would suffer prejudice. *See Reyes*, 307 F.3d at 456.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion and Affidavit to Set Aside Plaintiff's Relief for Summary Disposition [29] is DENIED.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: December 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 23, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Relief Case Manager